UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TYLER SINGLETON,**
on behalf of himself and all other
persons similarly situated, known and
unknown,
   Plaintiff,

vs.

Case No:
Hon.
Magistrate Judge

**UNIQUE CAMERA SERVICE,**
**INC.,** an Illinois for-profit
corporation,
   Defendant.
_____/

Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiff*
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

1

NOW COMES Plaintiff Tyler Singleton ("Plaintiff Singleton"), by and through his attorneys, The Law Offices of Bryan Yaldou, PLLC, for his Complaint against Defendant Unique Camera Service, Inc. ("Defendant Unique Repair") and hereby alleges the following:

## INTRODUCTION

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Michigan Workforce Opportunity Act ("WOWA"), MCL § 408.411. Plaintiff Singleton is a former employee of Defendant whose rights under the FLSA and the WOWA have been violated. Plaintiff Singleton now seeks to recover the benefits due to him from Defendant under the FLSA and the WOWA as a result of Defendant's failure to pay minimum wages to him and other similarly situated employees.

2. Plaintiff Singleton seeks a declaration that his rights under the FLSA and the WOWA have been violated; an award of the unpaid wages owed to him; an award of liquidated damages in an amount equal to the unpaid wages owed to him; and an award of reasonable attorneys' fees and costs as provided for in the FLSA, in order to compensate him for damages suffered and to ensure that future employees will not suffer as a result of such illegal conduct on the part of Defendant.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff Singleton's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff Singleton's state law claims under the WOWA, pursuant to 28 U.S.C. § 1367, because these claims are so related to Plaintiff Singleton's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff Singleton worked for Defendant in this District and suffered the damages at issue in this District, Defendant has significant business contacts within this District, and because the actions and events giving rise to Plaintiff Singleton's claims occurred in this District.

## PARTIES

6. Plaintiff Singleton is an adult citizen of the State of Michigan who resides in this judicial district.

7. Defendant Unique Repair is a for-profit Illinois company with its registered office at 1447 Howard St. Elk Grove, IL 60007.

## STATEMENT OF MATERIAL FACTS

8. Plaintiff Singleton worked for Defendant as a repair technician between October 2017 and January 2018. Exhibit A, ¶ 1.

9. Plaintiff Singleton was fired in January 2018 over a misunderstanding with the schedule. He did not voluntarily leave his employment with Defendant Unique Repair.

10. In his position as a repair service technician, Plaintiff went to the homes of Defendant's customers and he repaired the customers' appliances. Specifically, he worked mostly on repairing appliances which were under a warrantee from Samsung. *Id.* at ¶¶ 2, 3.

11. All of Plaintiff's training for his position with Defendant was hands-on training done on the job. *Id.* at ¶ 5.

12. None of Plaintiff's training was done in a classroom setting. *Id.* at 9.

13. Plaintiff was trained by Defendant's employees, including Jalen Smith and Albert K., in the homes of Defendant's customers. *Id.* at ¶¶ 5-7.

14. Because all of the training was hands-on work for Defendant's clients, all of the hours that Plaintiff spent in training was compensable time.

15. Defendant suggested that Plaintiff complete a Samsung training course that was available on-line in addition to his hands-on training, but it was not mandated. *Id.* at ¶ 10.

16. Plaintiff never participated in the Samsung training course. *Id.*

17. Plaintiff's training period lasted approximately six or seven weeks. *Id.* at ¶ 11.

18. Plaintiff was paid by Defendant on an hourly basis. *Id.* at ¶ 32.

19. The Michigan minimum wage in the year 2017 was $8.90 per hour and the Michigan minimum wage in the year 2018 is $9.25 per hour. MICHIGAN LARA, MINIMUM WAGE, *available at* https://www.michigan.gov/lara/0,4601,7-154-59886-370158--,00.html (last visited January 7, 2019).

20. In a typical week, Plaintiff would work five or six days a week and nine to 12 hours a day. Exhibit A, ¶¶ 13, 14.

21. Plaintiff was paid on a biweekly basis through direct deposit. *Id.* at ¶ 34; Exhibit B.

22. Plaintiff did not receive his second to last paycheck. Plaintiff was supposed to be paid on January 26, 2018, but he did not receive any money for the pay period. Exhibit A, ¶ 36; Exhibit B.

23. Plaintiff also called human resources to ask about why he was not paid. I spoke to a woman who advised him to call Leonid Plotkin. Plaintiff told her about the unpaid wages and she said she was not able to help him. She advised him to call the owner of the company, Leonid Plotkin. She said that she believed that the deduction was "unethical," but there was nothing that she could do about it.

24. Plaintiff called the owner of the company, Leonid Plotkin, as suggested, but he never responded.

25. Plaintiff was required to sign an employment contract as a condition of employment. Exhibit A, ¶ 37.

26. A co-worker of Plaintiff's named Randy was also required to sign the employment contract. *Id.*

27. In the contract, there is provision related to "training expenses." The provision said something about paying the company for "training expenses" if Plaintiff left the company within 24 months. *Id.*

28. Kevin Beschler apologized to Plaintiff about requiring him and Randy to sign the contract. *Id.* at 39.

29. When Plaintiff was not paid his paycheck and no one at the company would do anything to help him, he assumed that he was not paid due to the "training expenses" provision in the employment contract. *Id.* at 40.

30. Additionally, Plaintiff was contacted by a law firm, Murphy, Lomon & Associates, in an attempt to collect $8,500.01 from him for "training expenses." *Id.* at 41-43; Exhibit C.

31. This collection attempt lends credence to Plaintiff's assumption that Defendant illegally withheld his last paycheck for "training expenses."

32. Upon information and belief, Defendant has a policy requiring employees who leave the company within 24 months to pay what Defendant categorizes as "training expenses."

6

33. The employment contract creates a systematic, wide-spread, FLSA-violating policy to which, upon information and belief, all of Defendant's hourly employees were subject.

34. Additionally, Defendant did not pay Plaintiff for all of the time that he worked in violation of 29 U.S.C. § 207.

35. Plaintiff regularly began work early in the morning, between 5:00 a.m. and 8:00 a.m., when he checked his schedule for the day. Exhibit A, ¶ 15.

36. After checking his schedule, he would attempt to contact the customer whose appliance he was to service first, and take steps to locate and drive to the customer's house. *Id.* at 15-22.

37. However, despite performing this compensable work, Plaintiff did not clock-in for the day until he reached the first customer's house. *Id.* at 23.

38. Beshler, the head operations manager in Michigan, knew that Plaintiff was working off-the-clock and did not pay him for his compensable time performed each morning. *Id.* at 24-27.

39. Plaintiff is owed overtime wages for compensable hours he spent working on behalf of Defendant but for which he was not paid.

### FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff Singleton hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

7

41. Plaintiff Singleton brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

42. Plaintiff Singleton asserts these claims on behalf of himself and on behalf of:

> All current and former hourly employees of Defendant Unique Repair who worked during the last three years.

43. Plaintiff Singleton seeks to notify the above employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action.

44. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiff Singleton's and similarly situated current and former employees' claims arise out of Defendant's willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be sent out to all putative class members in accordance with 29 U.S.C. § 216(b).

45. Upon information and belief, Defendant has employed hundreds of similarly situated employees during the time period relevant to this action.

46. The identities of these employees, as a group, are known only to Defendant. Because the numerous members of this collective action are unknown to Plaintiff Singleton, joinder of each member is not practicable.

47. Plaintiff Singleton asks this Court to require Defendant to furnish him with the employee contact information of other similarly situated employees. The similarly situated employees are readily identifiable by the Defendant and may be located through their records. Plaintiff Singleton asks this Court to require Defendant to provide this information so that the putative class members may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

48. Collective adjudication is appropriate in this case because the employees who Plaintiff Singleton wishes to notify of this action have been employed in similar positions to him; have performed work similar to him; have been subject to the same compensation policies and procedures; and have been subject to compensation practices similar to those which form the basis of his case, including unlawful failure to pay the minimum wage under the FLSA.

## COUNT I
## Defendant Unique Repair - Violation of the Minimum Wage Provision of the FLSA

49. Plaintiff Singleton hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

50. Plaintiff Singleton was an "employee" of Defendant Unique Repair, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant "suffered or permitted" him to work for it.

51. Defendant Unique Repair was Plaintiff Singleton's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant Unique Repair "suffered or permitted" him to work for it.

52. Defendant Unique Repair is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

53. Defendant Unique Repair is a covered employer and therefore is required to comply with the requirements of the FLSA, including the minimum wage requirement in § 206.

54. Section 206 of the FLSA requires that employers pay their employees at least the minimum wage for all hours worked during the workweek. 29 U.S.C. § 206.

55. Plaintiff Singleton was a non-exempt employee who was entitled to the protections of the FLSA.

56. Defendant Unique Repair failed to pay Plaintiff Singleton in compliance with the FLSA because he was not paid at least the minimum wage for all hours he worked in accordance with 29 U.S.C. § 206.

57. In addition to compensatory damages for his unpaid wages, Plaintiff Singleton is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorneys'

fees, to be paid by Defendant Unique Repair for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff Singleton.

## COUNT II
**Defendant Unique Repair - Violation of the Overtime Provision of the FLSA**

58. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

59. Plaintiff was an "employee" of Defendant Unique Repair, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant "suffered or permitted" him to work for it.

60. Defendant Unique Repair was Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" him to work for it.

61. Defendant Unique Repair is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in processing and handling of goods which moved in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

62. Defendant Unique Repair is a covered employer and therefore is required to comply with the requirements of the FLSA, including the overtime wage requirement § 207.

63. Section 207 of the FLSA requires that employers pay their employees at least one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

64. Plaintiff was a non-exempt employee and therefore was entitled to the protections of the statute.

65. Defendant Unique Repair has failed to pay Plaintiff at least one and one-half his regular rate of pay in violation of the FLSA.

66. In addition to compensatory damages for his unpaid wages, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorneys' fees, to be paid by the Defendant Unique Repair for its willful failure to pay Plaintiff at least one and one-half his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

## **COUNT III**
## **Defendant Unique Repair – Violation of the Minimum Wage Provision of the WOWA**

67. Plaintiff Singleton hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

68. Plaintiff Singleton was Defendant Unique Repair's "employee" as that term is defined by the WOWA, MCL § 408.412.

69. Defendant Unique Repair was Plaintiff Singleton's "employer" as that term is defined by the WOWA, MCL § 408.412.

70. Defendant Unique Repair knowingly, intentionally, and willfully failed to pay Plaintiff Singleton and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

71. As a result of Defendant Unique Repair's failure to pay Plaintiff Singleton the applicable Michigan minimum wage, Plaintiff Singleton is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

### COUNT IV
### Defendant Unique Repair – Violation of the Overtime Provision of the WOWA

72. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

73. Plaintiff was Defendant Unique Repair's "employee" as that term is defined by the WOWA, MCL § 408.412.

74. Defendant Unique Repair was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

75. Defendant Unique Repair knowingly, intentionally, and willfully failed to pay Plaintiff and the putative class members at least the Michigan overtime wage

13

for hours worked in excess of 40 hours in a workweek, in violation of the WOWA, MCL § 408.414(a).

76. As a result of Defendant Unique Repair's failure to pay Plaintiff the applicable Michigan overtime wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Singleton, individually and on behalf of all others similarly situated, respectfully requests that the Court grant the following relief:

A. The actions of Defendant complained of herein be adjudicated, decreed, and declared a violation of Defendant's obligations under the FLSA and the WOWA;

B. Find that Defendant willfully violated the FLSA and the WOWA, and enter judgment in Plaintiff's favor and accordingly against Defendant;

C. Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant's workers who are similarly situated to Plaintiff;

D.     Declare the rights of the parties and provide commensurate injunctive relief;

E.     Award any compensatory damages due to Plaintiff for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

F.     Order Defendant to perform an accounting to determine all hours worked by Plaintiff;

G.     Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

H.     Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant due to its above-described improper conduct;

I.     Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable laws and statutes; and

J.     Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COMES Plaintiff Singleton, by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of himself and others similarly situated, and hereby demands a trial by jury of the above entitled matter.

Respectfully Submitted,

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Elaina Bailey (P82461)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: January 15, 2019